IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:25-cr-01085-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNIE LEE RIVERS | ) | |

**PRELIMINARY ORDER OF FORFEITURE AS TO**
**JOHNNIE LEE RIVERS**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Johnnie Lee Rivers, ("Rivers" or "Defendant"), based upon the following:

1.     On September 11, 2025, an Indictment was filed charging Rivers with theft of public money, in violation of 18 U.S.C. § 641.

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon River's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following

Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offense charged in the Indictment, that is, a minimum of approximately $68,108.03 in United States currency, and all interest and proceeds traceable thereto for his violation of 18 U.S.C. § 641.

3.     On April 1, 2026, Rivers pled guilty to Count 1 of the Indictment.

4.     Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offense for which

Rivers has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of Title 18, United States Code, Section 641 are forfeited to the United States.

5.     The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6.     It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Rivers as a result of his violations of Title 18, United States Code, Section 641, and that such substitute assets shall not exceed the value of the proceeds Defendant Rivers obtained of $68,108.03.

Accordingly, it is hereby **ORDERED,**

1.     FORFEITURE IS ORDERED against Johnnie Lee Rivers and in favor of the United States in the amount of $68,108.03, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the judgment.

2.     The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

3.     Upon entry of this Order, the Government is further authorized to conduct discovery to identify or locate other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights,

if applicable.

4.     The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

5.     Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

6.     The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

August 10      , 2026
Charleston, South Carolina